```
          IN THE UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF TEXAS
                  FORT WORTH DIVISION


KURT BETZEL,                     §
                                 §
        Plaintiff,               §
                                 §
VS.                              §   NO. 4:04-CV-617-A
                                 §
STATE FARM LLOYDS,               §
                                 §
        Defendant.               §
```

### MEMORANDUM OPINION
### and
### ORDER

Came on for consideration the motion of defendant, State Farm Lloyds, for summary judgment.  The court, having considered the motion, the response of plaintiff, Kurt Betzel, the record, the summary judgment evidence, and applicable authorities, finds that the motion should be granted.

I.

### Plaintiff's Claims

On July 29, 2004, plaintiff filed his original petition in the 236th Judicial District Court of Tarrant County, Texas.  On August 26, 2004, defendant filed its notice of removal, bringing the action before this court.

Plaintiff alleges that he found mold growing in his home and submitted claims to defendant, which paid some of the costs to remove or remediate the mold, but did not pay the amount needed to complete the job.  Plaintiff sues for breach of contract, breach of the duty of good faith and fair dealing, unfair insurance practices under Article 21.21, and for violation of

Article 21.55 of the Texas Insurance Code.  He also seeks to recover attorneys' fees.

## II.

### Grounds of the Motion

Defendant urges six grounds in support of its motion for summary judgment.  In sum, defendant maintains: (1) mold is excluded by the terms of the policies at issue; (2) bad faith and extracontractual liability are precluded because there is no breach of contract; (3) even if the court disagrees with defendant's coverage interpretation, the dispute on the legal question of coverage creates a bona fide controversy that precludes any common law and statutory bad-faith claims as a matter of law; (4) plaintiff's Article 21.55 allegations also fail as a matter of law, because plaintiff cannot establish that defendant is liable for the claim at issue; (5) plaintiff cannot recover exemplary or mental anguish damages because the evidence fails to meet the burden of legal sufficiency required by Texas law to recover such damages; and (6) alternatively, plaintiff has no evidence to support his contractual and extracontractual causes of action.

In his brief in response to the motion, plaintiff withdraws his claims against defendant for violation of Article 21.21 of the Texas Insurance Code and for breach of the duty of good faith and fair dealing.  Consequently, plaintiff says he is not making a claim for mental anguish or punitive damages.

## III.

2

## Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. Anderson, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported

allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

The standard for granting a summary judgment is the same as the standard for rendering judgment as a matter of law. Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597. See also Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

IV.

Undisputed Evidence

The following is an overview of evidence pertinent to the motion for summary judgment that is undisputed in the summary judgment record:

On December 27, 2001, plaintiff reported to defendant that he had black mold around his air conditioning ("a/c") registers, and that sheet rock around the a/c registers was soggy and deteriorated. Defendant opened claim number 43-E380-758 (the "758 claim"). Subsequently, defendant opened three other claims: claim number 43-E446-990 (the "990 claim") regarding a leak in the kitchen sink that occurred December 27, 2001; claim number 43-E446-991 (the "991 claim") regarding a sewer leak reported May

4

21, 2002; and claim number 43-E474-674 (the "674 claim") regarding a shower drain leak reported May 21, 2002.

The first two claims, the 758 and 990 claims, were made for losses that occurred while the defendant's HO-B policy number 58-RO-7279-6 (the "HO-B policy") was in effect between April 25, 2001, and April 25, 2002.  The 674 and 991 claims were made for losses that occurred while defendant's HO-162A policy was in effect from April 25, 2002, to April 25, 2003.  Defendant has paid plaintiff a total of $162,962.12 on his claims.

V.

Breach of Contract

The question of whether the HO-B policy provides coverage for mold contamination has been certified to the Texas Supreme Court.  Fiess v. State Farm Lloyds, 392 F.3d 802, 811-12 (5th Cir. 2004).  The Texas Supreme Court has not yet answered the question certified.  There is no need, however, for the court to speculate about how that policy will ultimately be interpreted.  Nor does the court need to concern itself with the interpretation of the HO-162A policy.  Even if the policies could or should be interpreted as plaintiff contends, plaintiff still cannot prevail.

One of the grounds of the summary judgment motion is that plaintiff has no evidence to support his contractual claims.  To prevail, plaintiff must plead and prove facts showing damages covered by the policies.  Royal Indem. Co. v. Marshall, 388 S.W.2d 176, 181 (Tex. 1965).  The only summary judgment evidence

5

plaintiff points to in support of his breach of contract claims is the deposition testimony of his general contractor, Mrs. Matlock, that "in her opinion it would cost $212,260.92 to rebuild the home." Pl.'s Br. at 16. First, plaintiff does not cite to any policy language requiring defendant to "rebuild [his] home." And, second, the court has already ruled that plaintiff may not elicit expert testimony as a result of his failure to comply with the court's September 28, 2004, Order Setting Schedule and Providing Special Pretrial Instructions, which fixed a deadline of 120 days before the pretrial conference date for the filing of expert designations and serving the written reports required by Fed. R. Civ. P. 26(a)(2). See June 10, 2005, order. (The only probative summary judgment evidence is that defendant paid to plaintiff a total of $162,962.12, which included payment for the covered losses suffered by plaintiff.) Ultimately, plaintiff is left with the argument that defendant has not paid policy limits as to each of the losses and, therefore, has not met its obligation under the policies. Pl.'s Br. at 20. He cites no authority to support the proposition that liability can be established merely by showing that policy limits have not been paid.

VI.

Liability Under Article 21.55

To prevail on a claim under Article 21.55 of the Texas Insurance Code, an insured must establish (1) a claim under an insurance policy, (2) for which the insurer is liable, and (3)

6

that the insurer has not followed one or more sections of Article 21.55 with respect to the claim.  Allstate Ins. Co. v. Bonner, 51 S.W.3d 289, 291 (Tex. 2001).  In this case, because plaintiff cannot establish liability under the policies at issue, damages under Article 21.55 are not available.

## VII.

### Order

 For the reasons discussed herein,

 The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing

7

on his claims against defendant; and, that such claims be, and are hereby, dismissed with prejudice.

    SIGNED June  15 , 2005.

                                            /s/ John McBryde  
                                          JOHN McBRYDE  
                                          United States District Judge